### In re ERIE EXPOSITION ASS'N.

District Court, W. D. Pennsylvania. April 6, 1927.

#### No. 13024.

1. Bankruptcy ⬤⟲200(3)—Bankrupt's deposit, attached subsequent to issuance and before presentation of check, passed to trustee, on adjudication within four months.

Bankrupt's deposit, attached by creditor within four months preceding adjudication, the attachment remaining in effect at adjudication, passed to the trustee, notwithstanding the bankrupt's check, issued before the attachment, had been presented and was treated by the bank as valid, subject only to the attachment.

2. Assignments ⬤⟲49—Issuing check and crediting it as payment is not "assignment" of deposit, which is attached after issuance and before presentation of check.

Giving of check, credited on books of the drawer as payment, does not operate as "assignment" of funds on deposit at time check is issued, but which are attached by third person before the bank has notice of the check or demand is made for payment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assignment.]

3. Banks and banking ⬤⟲140(3)—Drawee bank's return of check unpaid because of attachment of deposit is "refusal of payment."

The return of check by drawee bank, because of an attachment of the deposit subsequent to the issuance of the check and prior to its presentation to the bank, is a distinct "refusal of payment."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Refuse—Refusal.]

In Bankruptcy. In the matter of the Erie Exposition Association, bankrupt. On petition to review the order of the referee, disallowing payment of a claim as a preference. Affirmed.

Gunnison, Fish, Gifford & Chapin, of Erie, Pa., for bankrupt.

Elijah W. Holt, of Buffalo, N. Y., for petitioner.

THOMSON, District Judge. This case comes before us on petition to review the order of the referee. The learned referee has set forth quite fully, in his opinion, the facts upon which the decision of this case depend. The Erie Exposition Association was adjudged a bankrupt on November 16, 1926, on a petition filed against it on October 24, 1926. On August 12, 1926, the bankrupt gave to the petitioner a check for $1,750, drawn on the Central Trust & Title Company of Erie, the bank having at the time moneys on deposit in favor of the drawer, to the amount of $2,166.52. The check was deposited in a Buffalo bank, and after passing through the clearing house channels was presented to the drawee bank on August 15th or 16th. In the meantime, on August 13th, a creditor of the bankrupt issued a domestic attachment from the common pleas of Erie county against the Exposition Association, and, among others, the Central Trust & Title Company, upon which the check was drawn, was summoned as garnishee.

The attachment preventing the bank from paying the check, the same was returned to the Buffalo bank; the payee bank marking the word "Attached" on the margin of its records. In the following month the Buffalo bank returned the check to the Erie bank with the direction, "Hold until paid." When the bankruptcy proceedings intervened, the attachment was still standing, although a motion to dismiss had been made and the check remained unpaid. While the petitioner does not claim that the giving of the check operated as an assignment of so much of the funds, its position is that the giving of the check prior to the attachment, and the crediting of the same on the books of the bankrupt as payment, operated as an appropriation of the funds of the bankrupt on deposit to the payment of the check, and impressed those funds as the property of the petitioner.

It is claimed by the petitioner that the understanding between the maker and payee of the check was that the same was in effect payment, and that the attachment would finally be set aside as illegal and the money paid over to the association. It is also claimed that the drawee bank treated the check in the same way, as a valid and enforceable

order against the deposit, and stood ready to turn over the $1,750 as soon as the vacating of the attachment would permit.

[1, 2] I agree with the learned referee that the funds of the bankrupt on deposit in the Erie bank passed to the trustee, and the payee of the check is not entitled to the payment of the amount of the check as a preference. If the question were one simply between the drawer and the drawee of the check, the drawee could claim payment. Under the authorities, it is clear that the drawing of the check amounted only to an order, and not to an assignment of the funds. The Supreme Court, in the case of Laclede Bank v. Schuler, 120 U. S. page 511, 7 S. Ct. 644, 30 L. Ed. 704, held it to be settled that a check, unless accepted by the bank, will not sustain an action by the drawee against the bank, as there is no privity of contract between them; that, while this may be considered an established doctrine, it has been claimed that such check is an appropriation, of the amount for which it is drawn, of the funds of the drawer in the bank. But while this doctrine may operate to secure an equitable interest in the funds deposited after notice to the bank of the check, or presentation to it for payment, the bank remains unaffected by the execution of such a check until notice has been given to it, or demand made upon it for its payment.

[3] In this case it is vainly urged by the petitioner that there was an acceptance by the drawee bank for payment. The return by the payee bank of the check because of the attachment was a distinct refusal of payment, and there is no evidence that there was any acceptance for payment as long as the attachment remained. The proceedings in bankruptcy intervened while the attachment still stood, and the moneys on deposit under those proceedings passed to the trustee for the benefit of its creditors.

The order and opinion of the learned referee are therefore affirmed.